# United States District Court
# Central District of California
# Western Division

INNOVATIVE SPORTS MANAGEMENT, INC., d.b.a. INTEGRATED SPORTS MEDIA,

    Plaintiff,

v.

AUGUSTO CESAR GUTIERREZ, d.b.a. AREPAS COLOMBIAN DELICATESSEN,

    Defendant.

CV 22-09379 TJH (KSx)

Order and Judgment

JS-6

    The Court has considered the motion for default judgment [dkt. # 14] and motion to dismiss [dkt. # 15] filed by Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media ["Innovative"], together with the moving papers.

    On December 28, 2022, Innovative filed this action. Innovative alleged that it owned the exclusive United States commercial distribution rights to the *Venezuela v. Colombia Soccer Match* ["the Soccer Match"], which was broadcast on March 29, 2022, and that Defendant Augusto Cesar Gutierrez ["Gutierrez"] displayed the Soccer Match at his restaurant, Arepas Colombian Delicatessen ["the Restaurant"], without

a license. Specifically, Innovative alleged that Gutierrez is the owner and/or operator of the Restaurant, and that he personally displayed the Soccer Match at the Restaurant or directed his employees to do so.

Innovative alleged the following claims: (1) Unauthorized interception of satellite communications, in violation of 47 U.S.C. § 605; (2) Unauthorized reception of cable communications, in violation of 47 U.S.C. § 553; (3) Conversion; and (4) Violation of California's Unfair Competition Law, Cal. Bus. and Prof. Code § 17200, *et seq*. ["UCL"].

Gutierrez has never appeared in this action. On March 7, 2023, the Clerk of Court entered his default.

Innovative, now, moves for default judgment as to its conversion and UCL claims, and to dismiss its remaining claims.

**Default Judgment**

When reviewing a motion for default judgment, the Court must consider the following: (1) The possibility of prejudice to Innovative; (2) The merits of Innovative's substantive claim; (3) The sufficiency of the Complaint; (4) The sum of money at stake; (5) The possibility of a dispute concerning material facts; (6) Whether Gutierrez's default was due to excusable neglect; and (7) Federal policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Regarding the first factor, the possibility of prejudice to Innovative is high because if this motion is denied it will have no alternative recourse for its claims. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) (citing *Eitel*, 782 F.2d at 1471-72).

Regarding the second and third factors, the Court must accept the factual allegations in the Complaint regarding liability as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). To prevail on a conversion claim, Innovative must allege the following: (1) That Innovative had the right to possess the property at issue; (2) Wrongful disposition of the property right by Gutierrez; and (3) Damages. *See*

*Tyrone Pac. Intern. Inc. v. MV Eurychilli*, 658 F.2d 664, 666 (9th Cir. 1981).

Here, Innovative alleged that it owned the exclusive distribution rights to the Soccer Match; that Gutierrez owned the Restaurant; that Gutierrez personally intercepted and broadcasted the Soccer Match or permitted his employees to do so; and that Gutierrez did not have a license from Innovative. Finally, Innovative alleged that it suffered financial harm due to the unauthorized exhibition. Accordingly, Innovative successfully alleged a *prima facie* case for conversion.

Regarding the fourth factor, Innovative requested $1,000.00 in damages for its conversion claim. Innovative provided evidence that Gutierrez would have had to pay a licensing fee of $550.00 to lawfully display the Soccer Match. The value of the converted property is the proper measure of damages for a conversion claim. Cal. Civ. Code § 3336.

Regarding Innovative's UCL claim, because the UCL provides only equitable remedies, and because Innovative's legal remedies, here, are adequate compensation, the Court lacks equitable jurisdiction over the claim. *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313–14 (9th Cir. 2022). Accordingly, the UCL claim must be dismissed without prejudice. *See Guzman*, 49 F.4th at 1314. In any case, Innovative did not seek additional damages for that claim.

Regarding the fifth factor, there is little possibility of a dispute concerning the material facts of this case. The Court must accept the factual allegations in the Complaint regarding liability as true, and Gutierrez failed to oppose this motion. *See Geddes*, 559 F.2d at 560.

Regarding the sixth factor, it is unlikely that Gutierrez's inaction was due to excusable neglect. He has never participated in this action.

Regarding the seventh factor, although federal policy favors decisions on the merits, all other *Eitel* factors weigh in favor of granting default judgment.

**Damages**

Innovative sought $1,000.00 in conversion damages. Generally, upon default,

the facts alleged in the Complaint, except those facts relating to the amount of damages, are taken as true. *See Geddes*, 559 F.2d at 560. Innovative provided an affidavit from Guillermo Vicent stating that he observed the Soccer Match playing at the Restaurant on one screen. Vicent estimated that the capacity of the restaurant was 15 people. Innovative, also, submitted an affidavit from its president, Doug Jacobs, which set forth the licensing fee schedule for the Soccer Match. For a venue with a capacity of 15 people, the licensing fee was $550.00. Consequently, Innovative has established $550.00 in conversion damages.

**Costs**

Innovative requested 14 days, post-judgment, to submit its bill of costs. Costs will be awarded by the Clerk of Court pursuant to 28 U.S.C. § 1920.

**Dismissal of Remaining Claims**

Federal Rule of Civil Procedure 15(a) is the appropriate vehicle to withdraw an individual claim. *See, e.g., Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 697–88 (9th Cir. 2005). Under Fed. R. Civ. P. 15(a)(2), Innovative may amend the Complaint with the opposing party's consent or leave of Court. Here, Innovated moved to dismiss its claims arising under 47 U.S.C. § 605 and 47 U.S.C. § 553. There is no reason for the Court to deny leave. *See* Fed. R. Civ. P. 15(a)(2).

Accordingly,

It is Ordered that the motion for default judgment be, and hereby is, Granted as to the conversion claim.

It is further Ordered that the remaining claims be, and hereby are, Dismissed.

It is further Ordered, Adjudged, and Decreed that judgment be, and hereby

is, 𝕰𝖓𝖙𝖊𝖗𝖊𝖉 in favor of Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media, and against Defendant Augusto Cesar Gutierrez, d.b.a. Arepas Colombian Delicatessen, in the amount of $550.00.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Innovative may submit a Bill of Costs to the Clerk of Court within 14 days of this Order and Judgment.

Date: February 9, 2024

_____
𝕿𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
𝕾𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊